No. 2032.—IRBY, MCDANIEL & CO. *v.* J. E. FORE & CO.—P. HAMBLETON et als., third opponents. HANCOCK & CO. *v.* J. E. FORE & CO.—P. HAMBLETON et als., third opponents.

If more than ten days are allowed to elapse before application is made for an appeal, the judgment of the court below, if rendered in the parish of Orleans, becomes executory, and a devolutive appeal only can be taken thereafter. In such a case a motion made, after the lapse of ten days from the signing of the judgment, to quash the execution in the case, on the ground that the bond given for the appeal is sufficient in amount for a suspensive appeal, will be dismissed, because a suspensive appeal will not lie after ten days from the signing of the judgment.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Hays & New,* for plaintiffs and appellants. *John M. Bonner,* for third opponents, appellees.

HOWELL, J. Two appeals are taken in these proceedings, one by the plaintiffs from a judgment in favor of the third opponents, awarding to them the proceeds of the cotton which plaintiffs sought to attach as the property of the defendants.

There is no error in the said judgment. The evidence shows the cotton to have belonged to the third opponents and not to the defendants.

The second appeal is taken by the third opponents from a judgment on a rule to quash the execution issued by them on their judgment against the plaintiffs. The rule was based on the ground that the

appeal bond was sufficient in amount to operate as a suspensive appeal. It appears, however, that the appeal was applied for after the lapse of ten days following the signing of the judgment which thereby became executory.

It is therefore ordered that the judgment in favor of Peter Hambleton and others, rendered on the second November, 1868, and signed on the second December, 1868, be affirmed, and that the judgment rendered on the fifth and signed on the twelfth January, 1869, quashing the *fieri facias* issued herein, be reversed and the rule to quash taken by plaintiffs be dismissed with costs in both courts