## N. P. ECONOMON & THEODES v. RIZZO TROMATORE & CO., Appellants

(February 1, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 351.**

When the testimony of the plaintiff is contradicted by that of the defendant the preponderance of evidence will prevail.

2. **Louisiana Digest—Tender—Par. 7; Costs and Fees—Par. 8.**

In the absence of a legal tender of the sum admitted to be due as required by Articles C. P. 407-415, the defendant will be condemned to pay all costs.

Appeal from First City Court, Division "B". Hon. Val. J. Stentz, Judge.

This is a suit for the price of sardines sold and delivered.

There was judgment for plaintiffs and defendants appealed.

Judgment amended and reduced.

R. R. Ramos, of New Orleans, attorney for plaintiffs, appellees.

S. A. Mitchell, Geo. J. Gullota, of New Orleans, attorneys for defendants, appellants.

CLAIBORNE, J.   This is a suit for $118.80, the price of sardines sold by plaintiffs of New York to the defendants, who received them.

The defense is that the sardines were "of such a decayed and putrid nature as to render them unfit for sale or human consumption"; that the defendants set forth the defective condition of the merchandise to the plaintiffs, who authorized the defendants to sell them for the best price possible, which they were unable to do for the reasons above set forth.

There was judgment for the plaintiffs and the defendants have appealed.

Frank Santopitro, shipping clerk for the plaintiffs in New York, swears that the fish were inspected by him under the supervision of Mr. Speciale, and that they were in perfect condition at the time of shipment; these fish would remain good for human consumption two or three years.

A. J. Speciale, member of the plaintiff firm, corroborates Santipitro and says that they shipped the identical goods to other merchants in New Orleans who paid them without complaint; that his firm never authorized the defendants to sell the fish; that these fish are imported and must pass the requirements of the Department of Agriculture before being admitted and sold; the fish had been in his possession less than two months.

We entertain no doubt of the good faith of the plaintiff's witnesses. But they saw only the outside of the sardine boxes. H. A. Mevers was sent by the N. O. Credit Men's Association to interview the defendants. Rizzo told him that the sardines were in an unsalable condition, that they had been sold in the country, and that they collected only $35.00 for them, which they were willing to pay to plaintiffs. Rizzo showed him boxes of sardines; they were in bad condition.

Wallace Agnew was employed by the defendants as bookkeeper; he also attended to the shipping of goods; most of the sardines were sold in the country; he received so many complaints he kept them on file; the different purchasers were credited with the price of the goods; Mr. Rizzo opened a can and it was almost all water; the sardines were putrid; the defendants collected $30.00 or $35.00 on account of the sardines; he left defendants' employ since April; the sardines were sold by the defendants about two weeks after their receipt; A. Bologno, an agent of plaintiffs, came to defendants' store and examined the sardines; he agreed that they were in an unsalable condition and said he would write to plaintiffs.

Anthony Rizzo, one of the defendants, testifies that he bought the sardines from Bologno; he sold them in the country; when he called to collect all his customers said the sardines were not good; he deducted the price from their account; he called upon Bologno; he got fourteen cans and opened one; all rotten; Bologno said he would write to his house at once and make it good; he collected $35.00 and offered it to plaintiffs who refused it.

Bologno was not examined as a witness to contradict the above testimony.

We are of the opinion that the testimony of the defendants preponderates over that of the plaintiffs.

The plaintiffs' witnesses saw only the outside of the boxes; the defendant's witnesses opened the boxes and saw the contents; they were either rotten or putrid. Their testimony is more apt to be correct.

But the plaintiffs are entitled to a judgment for $35.00 which defendants admit owing and which they offered to plaintiffs.

The defendants, however, must pay the costs as they did not make a legal tender of the amount as required by C. P. 407-415. Irby, McDaniel & Co. vs. J. E. Fore & Co., 23 La. Ann. 183; Mechanics and Traders Bank vs. Barnett, 27 La. Ann. 177; Frey vs. Fitzpatrick-Cromwell Co., 108 La. 125, 32 South. 437.

It is therefore ordered that the judgment appealed from be amended by reducing the same from one hundred and eighteen and 80-100 dollars to thirty-five dollars, and as thus amended that the judgment· be affirmed, the defendants to pay costs of appeal.